James F. Sullivan (JS 3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:  (212) 374-0009
F:  (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CARLOS AMAYA,

           Plaintiff,

-against-

ERNESTO DECENA and
ERNIE'S AUTO DETAILING, INC.,

           Defendants.

Case No.
**COMPLAINT**

---

Plaintiff, Carlos Amaya ("Plaintiff"), by and through his undersigned attorneys, Law Offices of James F. Sullivan, P.C., file this Complaint against Defendants, Ernesto Decena, and Ernie's Auto Detailing, Inc. (collectively, "the Defendants"), and state as follows:

### **INTRODUCTION**

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages for all hours worked and unpaid wages at the overtime rate for all work hours over forty (40) hours in a work week; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

1

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from the Defendants: (1) unpaid wages for all hours worked and unpaid wages at the overtime rate for all work hours over forty (40) hours in a work week; (2) liquidated damages; (3) statutory damages under NYLL§ 195(1) and NYLL§ 195(3); (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Nassau County, New York.

6. Upon information and belief, Defendant ERNIE'S AUTO DETAILING, INC is a foreign business corporation, organized and existing under the laws of the State of New Jersey with place of business in 404 Clifton Ave, Clifton, New Jersey, 07011, that conducts business in New York.

7. Upon information and belief, Defendant ERNESTO DECENA is an owner, officer, director, and/or managing agent of Defendant ERNIE'S AUTO DETAILING, INC, and who participated in the day-to-day operations of corporate Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and Regulations promulgated thereunder, as well as the NYLL.

8. At all relevant times, ERNIE'S AUTO DETAILING, INC., was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by ERNIE'S AUTO DETAILING, INC.

10. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff for all hours worked and wages at the overtime rate for all hours worked over forty (40) hours in a work week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

11. Starting in or about June 2013, Plaintiff was employed by Defendants as a crew chief at the following locations:

    a. Land Rover Glen Cove, 70 Cedar Swamp Rd, Glen Cove, New York 11542,

    b. BMW Rallye, 1 Brush Hollow Rd, Westbury, New York, 11590, and

    c. Rallye Motors, 1600 Northern Blvd, Roslyn, New York, 11576

12. During his employment by Defendants, Plaintiff worked fifty seven (57) hours per week.

13. Plaintiff's workweek comprised of six days, Monday through Friday, 8:00 a.m. to 6:00 p.m., and Saturday, 8:00 a.m. to 3:00 p.m.

14. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff wages for all hours worked and overtime wages for the total hours worked over forty (40) in a workweek, in violation of the FLSA, NYLL and the supporting Federal and New York State Department of Labor Regulations.

15. From in or around December 2013 to December 31, 2016, Plaintiff was paid approximately $10.00 an hour for all hours worked.

16. From in or around January 1, 2017 to April 2017, Plaintiff was paid approximately $11.00 an hour for all hours worked.

17. Starting in May 2017, Plaintiff was paid a weekly salary of $750.00.

18. Plaintiff was not provided with a wage notice pursuant to NYLL §195(1) by Defendants within 10 days of the start of his employment, nor any time thereafter.

19. Plaintiff never received proper wage statements pursuant to NYLL §195(3).

20. Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIMS

### COUNT 1

### [Violation of the Fair Labor Standards Act]

21. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "20" of this Complaint as if fully set forth herein.

22. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

23. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of five hundred thousand dollars ($500,000.00).

24. Plaintiff is entitled to be paid for all hours worked and at the overtime rate for all hours worked over forty (40) hours in week at the overtime wage rate as provided for in the FLSA.

25. Defendants failed to pay Plaintiff compensation for all hours worked and for all hours worked over forty (40) hours in week as provided for in the FLSA.

26. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked and at the overtime rate for all hours worked over forty (40) hours in week in a work week which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(1), and 215(a).

27. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff for all hours worked and at the overtime rate for all hours worked over forty (40) hours in week when they knew or should have known such was due and that non-payment of an overtime rate would financially injure Plaintiff.

28. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

29. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

30. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

31. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

32. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages, unpaid wages at the overtime wage rate, an equal amount as liquidated damages, and prejudgment interest thereon.

33. Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Law §§ 190 et. al.]

34. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "33" of this Complaint as if fully set forth herein.

35. The wage provisions of the NYLL apply to the Defendants and protect the Plaintiff.

36. Defendants, pursuant to their policies and practices, refused and failed to pay the Plaintiff for all hours worked and the overtime wage rate for all hours worked over forty (40) hours in week by to the Plaintiff.

37. By failing to lawfully compensate the Plaintiff, Defendants violated Plaintiff's statutory rights under the NYLL.

38. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

39. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from the Defendants unpaid wages, unpaid wages at the overtime wage rate, liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

## COUNT 3

### [Failure to provide a Wage Notice]

40. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

42. Defendants have willfully failed to supply Plaintiff with a wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of their employment.

43. Through their knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

44. Due to Defendants' willful violations of the NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff with a wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6§198(1-b).

## COUNT 4

### [Failure to provide Wage Statements]

45. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "44" of this Complaint as if fully set forth herein.

46. Defendants have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

47. Through their knowing or intentional failure to provide the Plaintiff with a wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

48. Due to Defendants' willful violation of NYLL Article 6, §195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty ($250.00) dollars each day that Defendants failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CARLOS AMAYA respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages and unpaid overtime wages for all hours worked over forty (40) in a work week due under the FLSA;

(b) An award of liquidated damages as a result of Defendants' failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages and unpaid wages at the overtime rate for all hours worked over forty (40) hours in a work week pursuant to the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages and overtime wages for all hours worked over forty (40) hours in a work week, failure to provide wage notices, and failure to provide wage statements pursuant to the NYLL;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
December 23, 2019

Respectfully submitted,

By: _____
James F. Sullivan, Esq.
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:   (212) 374-0009
F:   (212) 374-9931
*Attorneys for Plaintiff*
jsullivan@jfslaw.net