# Law Offices of
# James F. Sullivan, P.C.

52 Duane Street, 7th Floor
New York, New York 10007
(212) 374-0009
Fax (212) 374-9931

April 8, 2020

*Via ECF*
Hon. Denis R. Hurley
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Carlos Amaya v. Ernesto Decena, et al.,* Civil Case No. 19-cv-07194

Dear Judge Hurley:

We represent Plaintiff Carlos Amaya ("Plaintiff") in his claims against Ernesto Decena and Ernie's Auto Detailing, Inc. ("Defendants"). Pursuant to Your Honor's Individual Practices, we write on behalf of Plaintiff to oppose Defendants' pre-motion conference request for permission to move to dismiss Plaintiff's complaint. We urge the Court to deny Defendants' request given that Plaintiff has adequately pled his FLSA claims, as discussed below, and any further information required by Defendants can be ascertained through the discovery process. Alternatively, should the Court grant Defendants permission to file their motion, we respectfully request leave to amend Plaintiff's complaint.

    **I.**    **Plaintiff's FLSA Claims Will Survive a Motion to Dismiss**

First, Defendants argue that Plaintiff "does not possess a minimum wage claim" because his wage never fell below $7.25/per hour, the FLSA minimum wage. This is incorrect. From May 2017 onward, Plaintiff earned a salary of $750/per week (Comp. ¶ 17). Neither party contracted to include an overtime premium in Plaintiff's weekly salary. Therefore, the presumption that the weekly salary covered only the first 40 hours of Plaintiff's work applies to Plaintiff's earnings from May 2017 onward. *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp.2d 372, 385-386(E.D.N.Y. 2012)(applying presumption that "the weekly salary paid to a [plaintiff] represent[ed] compensation for the first 40 hours of an employee's workweek only"). *Giles v. City*

1

*of N.Y.*, 41 F.Supp.2d 308, 317 (S.D.N.Y.1999)(stating, "Courts do not deem weekly salaries to include the overtime premium for workers regularly logging overtime, but instead hold that weekly salary covers only the first 40 hours, [unless contracted otherwise]."). Since Plaintiff regularly worked fifty-seven (57) hours per week (Comp. ¶12), seventeen (17) hours of his work per week were routinely uncompensated, violating FLSA's minimum wage and overtime provisions.

Next, Defendants argue that Plaintiff's overtime allegations are insufficiently pled to support the inference "that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation." This argument is also unsupported. Plaintiff states that he worked set hours, from "Monday through Friday, 8 AM to 6 PM, and Saturday, 8 am to 3 pm," for "57 hours per week." (Par. 12-13). He further states that beginning in December 2013, Defendants failed to compensate him routinely for his overtime work. (Par. 14-17). These allegations suffice to demonstrate that Defendant failed to pay Plaintiff for his overtime work over multiple weeks from December 2013 onward. Less specific allegations of overtime violations have survived a motion to dismiss within this Circuit. *See, e.g.*, *Cook v. Amedisys, Inc.*, No. 12 Civ. 1082, at *9 (D.Conn. Apr.8, 2013) (denying motion to dismiss where complaint alleged forty hour workweeks and additional, unspecified number of uncompensated overtime hours); *Cruz v. Rose Assocs., LLC*, No. 13 Civ. 112, at *3 n. 2 (S.D.N.Y. Apr.5, 2013) (denying motion to dismiss unpaid overtime FLSA claims where plaintiff alleged that he regularly worked in excess of forty hours per week).

Moreover, Defendants' cited cases are distinguishable because they reference scenarios in which plaintiffs' workweeks fluctuated over a range of hours, and "[when] tallying the plausible factual allegations, [the Court] could not get beyond forty hours in any given week, and therefore to a plausible claim for overtime." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88-89 (2d Cir. 2013) (summarizing the holding of *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013)).

## II. Plaintiff's FLSA Claims Against Defendant Ernesto Decena Will Survive Summary Judgment

Finally, Defendants argue that Plaintiff failed to plead facts sufficient to
"render[] plausible that his or her allegation met the economic realities test set forth in *Herman v. RSR Sec. Services, LTD*, 172 F.3d 132, 140 (2nd Cir. 1999)." The economic realities test focuses on "whether [an] alleged employer possessed the power to control the workers in question" and is flexible enough to allow that "any relevant evidence may be examined as to avoid having the test confined to a narrow legalistic definition." *Herman v. RSR Sec. Services, LTD*, 172 F.3d 132, 139-140 (2nd Cir. 1999). Under the test, Courts have found individual owners to be liable despite their limited direct control over an employee in circumstances where the owners have had operational control over the corporation. *Ahn v. Inkwell Publ'g Solutions, Inc.*, 10 Civ 8726, at *3-4 (S.D.N.Y. Mar. 29, 2012) (finding that "an owner need not exercise direct control over an employee to be considered an employer under FLSA, having operational control over the corporation is sufficient," and holding Defendant's co-owners liable based on their shared operational control); *See*, *Herman v. RSR Sec. Services, LTD*, 172 F.3d 132, 140 (2nd Cir. 1999) (rejecting chairman's argument that only evidence indicating his "direct control" over employees should be considered

under the "economic reality" test, because doing so would "ignore[] the relevance of the totality of the circumstances in determining [the chairman's] operational control").

In his complaint, plaintiff specifies on information and belief that "Defendant Ernesto Decena is an owner, officer, director and/or managing agent of Defendant Ernie's Auto Detailing, Inc., who participated in day-to-day operations of corporate Defendant." (Comp. ¶ 7). Further, Plaintiff alleges that "Defendants [Decena and Ernie's Auto Detailing, Inc.] knowingly and willfully operated their businesses with a policy of not paying plaintiff wages for all hours worked and overtime wages worked hours worked over forty (40) in a workweek." (Comp. ¶14). These facts demonstrate that Defendant Decena had the necessary degree of control over employees of Ernie's Auto Detailing to be deemed an employer. Similar factual allegations of employer liability have withstood motions to dismiss. *E.g. Khurana v. JMP USA*, *Inc., et al*., 14 CV 4448, at *6-7 (E.D.N.Y. Apr. 5, 2017) (finding that Plaintiff's complaint sufficiently alleged that individual defendant was a covered FLSA employer where complaint alleged that individual defendant operationally controlled corporation).

For the above-mentioned reasons, the Court should deny Defendants' request for permission to file a motion to dismiss.

Respectfully submitted,

LAW OFFICES OF JAMES F. SULLIVAN, P.C.

*James F. Sullivan*

cc: Noel Tripp (*via ECF*)